UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP WHITE,

    Petitioner,

v.

ERIC ARNOLD,

    Respondent.

Case No. 17-cv-06507-SK

**AMENDED ORDER TO SHOW CAUSE**

Regarding Docket No. 1

Petitioner, a federal prisoner incarcerated at Solano State Prison, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a conviction from Alameda County Superior Court. The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

On August 25, 2008, the Alameda County District Attorney charged Petitioner with murder. Petitioner was found incompetent to stand trial and committed to Atascadero State Hospital. On January 14, 2011, the court found that Plaintiff was competent to stand trial and reinstated the criminal charges. A jury convicted Petitioner of first degree murder, and Petitioner was sentenced to twenty-five years to life, plus a consecutive term of one year for use of a deadly weapon.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on August 10, 2016 denied review his petition.

## DISCUSSION

**A.    Legal Standard.**

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.    Petitioner's Legal Claims.**

Petitioner seeks federal habeas corpus relief by asserting that his Fourteenth Amendment right to due process was violated by prosecutorial misconduct, by conviction without sufficient evidence, and by dismissal of his claim of incompetency in his absence. Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon the California Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102.

2. Respondent shall file with the court and serve on Petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

///
///
///
///
///

3. If the Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED**.

Dated: June 15, 2018



_____
SALLIE KIM
United States Magistrate Judge